1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10                         ----oo0oo----

11

12   ROBERT MCBRIDE, an individual,        No. 2:23-cv-02242 WBS DB

13                Plaintiff,

14       v.                                TEMPORARY RESTRAINING ORDER

15   PHH MORTGAGE CORPORATION, a
     limited liability company, and
16   DOES 1 through 20, inclusive,

17                Defendant.

18

19                         ----oo0oo----

20          Plaintiff Robert McBride moves for a temporary

21   restraining order to enjoin a trustee's sale of his home,

22   currently scheduled for Tuesday, February 13, 2024.  (Docket No.

23   14).  The court heard oral arguments on the motion on February

24   12, 2024.  Brooke Brewer, Esq., appeared on behalf of plaintiff;

25   and Neil Cooper, Esq., appeared on behalf of defendant.

26          "The purpose of a temporary restraining order is to

27   preserve the status quo pending the complete briefing and

28   thorough consideration contemplated by full proceedings pursuant

                                 1

1 | to a preliminary injunction." Occupy Sacramento v. City of
2 | Sacramento, No. 2:11-CV-02873-MCE, 2011 WL 5374748, at *3 (E.D.
3 | Cal. Nov. 4, 2011) (citing Granny Goose Foods, Inc. v. Teamsters,
4 | 415 U.S. 423, 438–39 (1974) (temporary restraining orders "should
5 | be restricted to serving their underlying purpose of preserving
6 | the status quo and preventing irreparable harm just so long as is
7 | necessary to hold a hearing, and no longer"); Reno Air Racing
8 | Ass'n. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006); Dunn v.
9 | Cate, No. CIV 08-873-NVW, 2010 WL 1558562, at *1 (E.D. Cal. Apr.
10 | 19, 2010).

11 | In order to obtain a temporary restraining order or
12 | preliminary injunction, the moving party must establish (1) it is
13 | likely to succeed on the merits, (2) it is likely to suffer
14 | irreparable harm in the absence of preliminary relief, (3) the
15 | balance of equities tips in its favor, and (4) an injunction is
16 | in the public interest. Winter v. Nat. Res. Def. Council, Inc.,
17 | 555 U.S. 7, 20-21 (2008); Humane Society of the U.S. v.
18 | Gutierrez, 558 F.3d 896, 896 (9th Cir. 2009); Credit Bureau
19 | Connection, Inc. v. Pardini, 726 F. Supp. 2d 1107, 1132 (E.D.
20 | Cal. 2010) (standards for temporary restraining orders and
21 | preliminary injunctions are the same).

22 | I.   Likelihood of Success on the Merits

23 | Here, plaintiff alleges violations of the Homeowner
24 | Bill of Rights ("HBOR"), California Civil Code §§ 2923.6 and
25 | 2923.7, and the Unfair Competition Law ("UCL").

26 | Section 2923.6 prohibits "dual tracking," in which a
27 | lender proceeds with the foreclosure process while reviewing a
28 | loan modification application. See Cal. Civ. Code § 2923.6(c).

1    "If a borrower submits a complete application for a first lien

2    loan modification offered by, or through, the borrower's mortgage

3    servicer, a mortgage servicer . . . shall not record a notice of

4    default, or conduct a trustee's sale, while the complete first

5    lien loan modification application is pending."  Id.  Section

6    2923.6(d) further provides that the "borrower shall have at least

7    30 days from the date of the written denial to appeal the denial

8    and to provide evidence that the mortgage servicer's

9    determination was in error."  Id. § 2923.6(d).

10        Section 2923.6(c)-(d) thus "prohibits recording a

11   notice of default or sale and conducting that sale" while a loan

12   modification application is pending.  Marquez v. U.S. Bank, N.A.,

13   Case No. CV16-06658 JAK (Ex), 2016 WL 2885857, at *7 (N.D. Cal.

14   May 16, 2016); see Shupe v. Nationstar Mortg. LLC, Civ. 231

15   F.Supp.3d 597, 602, (E.D. Cal. Jan. 31, 2017) (England, J.)

16   ("California Civil Code § 2923.6 places restrictions on the

17   recording of Notices of Default or Notices of Trustee's Sale

18   while a loan modification application is pending.")

19        The parties dispute whether plaintiff's several past

20   applications for a loan modification checked all the boxes as to

21   be actually "complete."  However, neither party disputes that

22   plaintiff submitted a completed application on October 13, 2023.

23   (Schwiner Decl. (Docket No. 18) ¶ 31.)  On December 6, 2023,

24   defendant alleges that it approved this application and sent

25   plaintiff a Trial Period Plan ("TPP") offer letter.  (Id. Ex.

26   32.)  However, this offer appears to be contingent on plaintiff

27   accepting a settlement offer and permanently releasing their

28

1   claims in this lawsuit.[1]  Because of the conditional nature of

2   the TPP offer and the fact that the TPP offer letter itself does

3   not reference plaintiff's October 13, 2023 application, the court

4   cannot conclude that the offer defendant extended on December 6,

5   2023 is a final, written decision based strictly on the merits of

6   plaintiff's October 13, 2023 application.

7           Accordingly, the court concludes that plaintiff shows a

8   likelihood of success at least as to his Section 2923.6 claim.

9   This is sufficient to satisfy the first Winter prong.

10  II.   Irreparable Harm

11          The foreclosure of plaintiff's home conclusively

12  constitutes irreparable harm.  See Park Village Apt. Tenants

13  Ass'n v. Mortimer Howard Trust, 636 F.3d 1150, 1159 (9th Cir.

14  2011) ("loss of an interest in real property constitutes an

15  irreparable injury"); Sundance Land Corp. v. Community First

16  Fed'l Sav. & Loan Ass'n, 840 F.2d 653, 661 (9th Cir. 1988).

17  Plaintiff therefore satisfies the second Winter factor.

18          III. Balance of Equities

19          The balance of equities also favors plaintiffs.  While

20  plaintiff will lose his home if the court were to deny the

21  request, if the court is to grant the request defendants will

22  need to postpone the foreclosure, which they have already done at

23

24          [1]   Defendant only included the TPP offer in their moving
    papers, which they described as "the relevant pages of the TPP."
25  (Schwiner Decl. ¶ 31.)  However, at oral argument, defendant's
    counsel provided the court with a copy of a proposed settlement
26  agreement that includes the TPP offer as an exhibit.  It
    therefore appears that plaintiff was never presented with a
27  standalone TPP offer that did not also require them to settle
    this case.
28

                                    4

1  least once in the past.  There is injury and inconvenience on

2  both sides, but the balance of it lies with plaintiff, and

3  therefore cuts in favor of a temporary injunction.  See Andrews

4  v. City of San Bernardino, 346 P.2d 457, 463 (Cal. App. 4th Dist.

5  1959) (trial court's discretion to grant or deny a preliminary

6  injunction should be exercised in favor of the party most likely

7  to be injured).

8  IV.   Public Interest

9         The public has a strong interest in foreclosure sales

10  being conducted according to the letter and the spirit of the

11  law.  The public also has an interest in meritorious claims being

12  fully tested by argument and evidence.  Accordingly, the court

13  concludes that the public interest also militates towards

14  granting plaintiff's request.

15        IT IS THEREFORE ORDERED that plaintiff's ex parte

16  application for a temporary restraining order (Docket No. 14) be,

17  and the same hereby is, GRANTED.  Defendant is hereby temporarily

18  enjoined from conducting a trustee's sale on the property located

19  at 3650 Coyote Road, West Sacramento California, pending further

20  Order of this court.

21  Dated:  February 12, 2024

22  WILLIAM B. SHUBB

23  UNITED STATES DISTRICT JUDGE

24

25

26

27

28